Prob 12C
(rev. 09/21)

# United States District Court
## for the Northern District of New York

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Jade Stauffer | Case Number: 0314 3:19CR00008-001 (MDPA) |
| | 3:22CR00160-001 (NDNY) |

Name of Sentencing Judicial Officer: Honorable Robert D. Mariani, U.S. District Judge

Jurisdiction transferred to the Honorable Thomas J. McAvoy, Senior U.S. District Judge on May 9, 2022

Date of Original Sentence:     April 20, 2020

Original Offense:     Misappropriation of Postal Funds

Original Sentence:     Two years Probation

Sentence extended one year on April 13, 2022

| | |
|---|---|
| Type of Supervision:  PROB | Date Supervision Commenced:     April 20, 2020 |

Asst. U.S. Attorney: Todd K. Hinkley

Defense Attorney: Leo A Latella, Esq.

---

## PETITIONING THE COURT

☒    **To issue a warrant**
☐    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition: You must not commit another federal, state or local crime.**<br><br>Stauffer provided a written Monthly Supervision Report to probation, dated June 4, 2022. On the form, Stauffer reported she resides at 6502 County Highway 17, East Branch, New York. Stauffer signed the form certifying that all information furnished is complete and accurate. The form contains the following warning:<br>    WARNING: ANY FALSE STATEMENTS MADE ON THIS FORM MAY RESULT IN REVOCATION OF PROBATION OR SUPERVISED RELEASE, IN ADDITION TO 5 YEARS IMPRISONMENT, A $250,000 FINE, OR BOTH. (18 U.S.C. § 1001) |

Prob 12C
(rev. 09/21)

|   |   |   |
|---|---|---|
|   |   | On June 28, 2022, Stauffer reported to probation that she has been homeless for "a good month." <br><br> Evidence in support of this charge is a written Monthly Supervision Report dated June 4, 2022 and Stauffer's recorded verbal admission on June 28, 2022. (Grade B Violation) |
|   | 2 | **Mandatory Condition: You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.** <br><br> Stauffer has failed to make restitution payments as ordered. Her most recent, voluntary payment was made on November 17, 2020, in the amount of $10. <br><br> Evidence in support of this charge is Offender Payment Enhanced Report Access. (Grade C Violation) |
|   | 3 | **Standard Condition: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.** <br><br> Stauffer was granted permission by probation to travel out of the Northern District of New York for employment purposes only. Stauffer informed probation that she is no longer employed out-of-district, but has been staying "with a friend" in Pennsylvania. <br><br> Evidence in support of this charge is Stauffer's recorded verbal admission on June 28, 2022. (Grade C Violation) |
|   | 4 | **Standard Condition: You must answer truthfully the questions asked by your probation officer.** <br><br> Stauffer provided a written Monthly Supervision Report to probation, dated June 4, 2022. On the form, Stauffer reported she resides at 6502 County Highway 17, East Branch, New York. Stauffer admitted to probation on June 28, 2022, that she has been homeless for "a good month" and she purposely withheld this information. <br><br> Evidence in support of this charge is Stauffer's recorded verbal admission on June 28, 2022. (Grade C Violation) |
|   | 5 | **Standard Condition: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you** |

2

Prob 12C
(rev. 09/21)

| | | |
|---|---|---|
| | | live with), **you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.** <br><br> On June 28, 2022, Stauffer reported that she has been homeless for "a good month." Stauffer did not report the address change to probation. Additionally, Stauffer provided a monthly written report on June 4, 2022, which listed her residence as the same address she has reported to probation as her primary residence. <br><br> Evidence in support of this charge is Stauffer's recorded verbal admission on June 28, 2022. (Grade C Violation) |
| | 6 | **Standard Condition: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.** <br><br> On June 28, 2022, Stauffer reported she was fired from her employment on June 23, 2022. <br><br> Evidence in support of this charge is Stauffer's recorded verbal admission on June 28, 2022. (Grade C Violation) |
| | 7 | **Special Condition #4: If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.** <br><br> Stauffer has failed to make restitution payments as ordered. Her most recent, voluntary payment was made on November 17, 2020, in the amount of $10. |

Prob 12C
(rev. 09/21)

| | | |
|---|---|---|
| | | Evidence in support of this charge is Offender Payment Enhanced Report Access. (Grade C Violation) |
| | 8 | **Special Condition #5: You must pay restitution in monthly installments of $100.**<br><br>Stauffer has failed to make restitution payments as ordered. Her most recent, voluntary payment was made on November 17, 2020, in the amount of $10.<br><br>Evidence in support of this charge is Offender Payment Enhanced Report Access. (Grade C Violation) |

U.S. Probation Officer Recommendation:

The term of probation should be:

☐ Revoked
☐ Extended for ___ years, for a total term of ___ years
☒ The conditions of probation should be modified as follows:

You shall reside for a period of 4 months in a residential reentry center or other suitable facility and shall observe the rules of that facility.

You shall participate in a mental health program which may include medical, psychological, or psychiatric evaluation and outpatient treatment as recommended by the treatment provider based upon your risk and needs. You may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court. The probation office shall approve the location, frequency, and duration of outpatient treatment. You shall abide by the rules of the program which may include a medication regimen. You shall contribute to the cost of any evaluation and/or treatment in an amount to be determined by the probation officer based on your ability to pay and the availability of third party payments.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 28, 2022

Approved by: _____  By: _____
Supervisory U.S. Probation Officer            U.S. Probation Officer

4

Prob 12C
(rev. 09/21)

| Name of Offender: | Jade Stauffer | Case Number: 0314 3:19CR00008 |

THE COURT ORDERS:

☐ No Action
☐ The Issuance of a Summons
☐ Other
☒ The Issuance of a Warrant.  This petition and all documents attached hereto are **SEALED** until such time as the warrant generated by this petition is returned executed.
☐ The U.S. Probation Office is authorized to release documents identified within the petition as evidence supporting the violation to the U.S. Attorney's Office.
☐ All court appearances, including the initial appearance and detention hearing, will be handled by this judicial officer.

The District Court Clerk's Office is hereby **ORDERED NOT** to serve a copy of this petition or any of the attached documents upon anyone EXCEPT that a copy is to be served upon law enforcement personnel.  Copies shall be served upon the unsealing of the petition.

_____
Signature of Judicial Officer

June 30, 2022
Date

## Violation Guideline Calculation

| | |
|---|---|
| Most Serious Grade of Violation (see §7B1.1(b)) | B |
| Criminal History Category (see §7B1.4(a)) | I |
| Range of Imprisonment (see §7B1.4(a)) | 4-10 Months |
| Maximum Term of Imprisonment (see 18 U.S.C. § 3583(e)(3)) | 2 Years |

**Sentencing Options for Grade B and C Violations Only** (Check the appropriate box):

5

Prob 12C
(rev. 09/21)

☒ **(a)** If the minimum term of imprisonment determined under §7B1.4) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ **(b)** If the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ **(c)** If the minimum term of imprisonment determined under §7B1.4 is more than ten months, no sentencing options to imprisonment are available.

**Unsatisfied Conditions of Original Sentence** (List any restitution fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| Restitution | $1,948.85 | Community Confinement | |
| Fine | | Home Detention | |
| Other | | Intermittent Confinement | |

**Supervised Release**

If supervision release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release upon release of imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. (see 18 U.S.C. §3583(h) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment: 36 months less any term of imprisonment imposed for the instant violation and any previous violations.

**Departure:**

No aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment identified by probation.

**Official Detention Adjustment** (see §7B1.3(e)): 0 months   0 days

Prob 12C
(rev. 09/21)

**Supervision Summary:**

On April 21, 2020, Jade Stauffer was sentenced in the Middle District of Pennsylvania by the Honorable Robert D. Mariani, to two years probation subsequent to her plea of guilty to a single-count Indictment charging her with Misappropriation of Postal Funds. She was ordered to pay restitution in the amount of $4,626.01 in $100 monthly payments. Her original term of probation was set to expire on April 20, 2022.

Stauffer failed to make payments and submit written monthly reports as directed and as a sanction, Stauffer agreed to a modification of her supervision to extend her term of probation by 12 months. Probation informed the sentencing district of her noncompliance on April 13, 2022. Stauffer's probation was extended by the sentencing district as requested.

Jurisdiction was transferred to the Northern District of New York and the case assigned to Your Honor on May 9, 2022.

On April 28, 2022, probation met with Stauffer for an administrative compliance meeting to discuss her continued lack of restitution payments. Stauffer identified obstacles to payments at that time and probation attempted to assist her with a resolution. Stauffer reported she resides in a remote area in New York, where employment opportunities are limited. She reports she drives over 100 miles, roundtrip, to work as a dishwasher in Pennsylvania. Stauffer reported her boyfriend resides in Pennsylvania and his residence is closer to her employer than her residence of record. One option probation was exploring with Stauffer was the possibility of allowing her to reside with her boyfriend a few days per week in order to reduce travel expenses. Stauffer informed probation that her boyfriend has firearms and she knows she cannot be there. Probation affirmed her statement and she became angry and belligerent. She began yelling at probation, was red in the face with spit coming from her mouth. She was screaming at probation that she is not a violent felon and "it's retarded" that she cannot be in the house with firearms. Stauffer screamed that her restitution payments will not be as large as they could be if she has to drive from her residence to work, instead of probation allowing her to stay in her boyfriend's home. As the office visit was becoming unproductive and Stauffer's attitude was aggressive and hostile, probation did not engage further. Stauffer continued to scream about guns and left the office visit.

On June 28, 2022, probation met with Stauffer in the office due to her continued lack of restitution payments. Stauffer began the meeting, hostile and aggressive toward probation. She reported that she was terminated from her employment on June 23, 2022, due to poor attendance related to her mental health. She then reported she was "technically homeless" for "a good month" and purposely did not report this information to probation. Probation informed Stauffer that as she is no longer employed out of district, she is not allowed to leave the Northern District of New York. Probation confirmed that she knew the boundaries of the district and she replied, "up your ass." Stauffer reported that her middle name is spelled incorrectly and she is not legally responsible as the person on supervision is not her. At one point during the meeting, Stauffer became enraged and stood while yelling at probation and stated she would not allow probation to tell her what she could and could not do. Probation informed her that one of probation's roles is to ensure her compliance and as such, will have to tell her what she can and can not do with regards to her conditions of supervision. She replied, "It is literally my job to say fuck you."

7

Prob 12C
(rev. 09/21)

Probation provided Stauffer with financial documentation and she reported 95% of the form would be left blank. Probation informed her that if she leaves the forms blank, she will be required to complete the forms again, to which she replied, "fuck that." Stauffer became more agitated and reported she wanted to die. She reported probation and "everyone else has made my mental state so fucking wonderful." Probation inquired if she had an intent to harm herself to which she responded she did not. Stauffer then stood and screamed at probation, leaned over the desk and violently slammed the ball point end of an ink pen onto a notepad that probation was using to take notes. Stauffer scribbled on the notepad and then threw the ink pen in the direction of the probation officer, striking the desk initially, and then this writer with the various pieces of the pen. Probation terminated the office visit and provided her with a report date of June 30, 2022, at 9:00 AM.

At this time, probation is concerned with Stauffer's mental health, her out-of-state contacts, access to firearms, refusal to comply with reasonable requests from probation, and her aggressive and violent acts toward probation.

Probation is recommending two special conditions that required Stauffer to be reside in a residential reentry center (RRC) and undergo a mental health evaluation. Placement in the RRC will allow Stauffer to reside in a controlled environment, obtain employment, and attend mental health treatment, should an evaluation determine a need for treatment.

If probation is revoked, the Court may sentence the defendant up to the maximum statutory sentence available for the offense of conviction, in this case 10 years, pursuant to 18 U.S.C. § 3565(a). If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b). Notably, the guideline range at the time of the offender's original sentencing was 0 to 6 months.